[608 NYS2d 209]

In the Matter of LISA A. AMMIRATI (Admitted as LISA ANN AMMIRATI), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 1, 1994

**APPEARANCES OF COUNSEL**

*Jorge Dopico* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Lisa A. Ammirati,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

Respondent, Lisa A. Ammirati, was admitted to the practice of law by the Appellate Division, Second Judicial Department, on June 12, 1985, under the name Lisa Ann Ammirati. At all times relevant herein, respondent maintained an office for the practice of law in the First Department.

Respondent acknowledges that she is the subject of four investigations by the Departmental Disciplinary Committee. The first and most serious complaint alleges that respondent neglected to commence a client's uncontested divorce action, and to conceal the delay, presented to the client a fraudulent divorce decree, and submitted to the Bronx Supreme Court four documents upon which she had forged the client's signature.

John Buckley, Esq. is a Court Attorney-Referee in the Supreme Court, Bronx County, empowered by this Court to sign divorce judgments in uncontested matrimonial actions. When Mr. Buckley sought explanation from respondent with respect to her client's purported divorce decree, respondent allegedly made false representations in an attempt to conceal her fraud committed upon her client and the Supreme Court, which included a false document containing unauthorized photocopies of Mr. Buckley's signature and certification of the Bronx County Clerk's office.

The third and fourth complaints concern respondent's failure to prosecute two other divorce actions. Respondent is charged with making numerous misrepresentations to those clients in order to conceal her neglect of their actions.

On November 12, 1993 respondent pleaded guilty in Bronx Criminal Court to a violation of Penal Law § 175.30, offering a false instrument for filing in the second degree, a class A misdemeanor, thereby admitting that she knowingly submitted to the Bronx Supreme Court documents bearing the forged signature of her client. The plea agreement provided in part that respondent would resign from the Bar and would continue psychiatric treatment previously commenced.

Respondent has now submitted an affidavit of resignation in which she acknowledges that she cannot successfully defend herself on the merits with respect to the complaints pending before the Departmental Disciplinary Committee, and states that her resignation is tendered voluntarily, after consultation with counsel, and with full awareness of its implications. We

find that her affidavit complies with the requirements of 22 NYCRR 603.11, and the Departmental Disciplinary Committee recommends that her resignation be accepted.

Accordingly, this Court accepts respondent's resignation from the Bar, and orders that respondent's name be stricken from the roll of attorneys and counselors-at-law, effective immediately *(see, Matter of Plummer,* 180 AD2d 380).

CARRO, J. P., ELLERIN, WALLACH, KUPFERMAN and NARDELLI, JJ., concur.

Respondent's resignation is accepted and filed, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective March 1, 1994.